Curia, per

Butler, J..
The verdict of the jury must be regarded as having been given in reference to the facts before them, and should not be construed so as to conclude the legal rights of the parties which may exist indepen *375 dently of it. The main question of fact involved in the controversy was this; did the plaintiff agree with the defendant and his creditors, and with D. C. Levy, to sign a composition paper or agreement, by which he consented to give up one-third of his demand, and to take the note of defendant, with D. C. Levy as security, for the other two-thirds ; and which, when taken, was to be regarded as Ml satisfaction for the whole demand! We must conclude from the verdict, that he did so ; and that, in consequence of such an-understanding, the other creditors signed off, as it is termed, and did accept, in satisfaction of their whole demand, the defendant’s note, with D. C. Levy as security, for two-thirds of the amount. It was not pretended that plaintiff had either received any thing'in fact, or that he had signed any paper which would operate as a release of his debt, or any part of it. Nor was there any evidence that defendant had parted with any of his property, either to any of the parties to the deed, or to his brother, who was to stand as his endorser. So far as this court can perceive, the extent of plaintiff’s undertaking was to give up a part of his demand, upon an executory verbal promise that D. C. Levy would stand security for the balance. And the question is now, what shall be the effect of such an agreement! Shall it operate as an absolute discharge of the original consideration! If so, the verdict may be sustained. In finding for the defendant, the jury have decided, as far as they could, that the original cause of action was discharged, and that plaintiff must rely altogether on his ex-ecutory agreement for the satisfaction of his debt; that is, he must look to D. C. Levy and the defendant for 66 2-3 per cent, instead of holding the defendant liable alone, on the whole demand. When the proposition is reduced to its simplest form, it is an executory agreement to take a part of a debt, in satisfaction of the whole. Had he actually accepted the part which it was stipulated he should receive, he might have been barred from demanding the balance. To this extent the case of Aiken and Price would go; Dudley, 50; where it was held that an acceptance of a part of a demand from trustees of a debtor, to whom funds had been assigned for the payment of all who should come in under the deed of assignment, would *376 be a discharge of the balance of the demand. Judge Earle, who delivered the judgment of the court, said he regarded it as an executed agreement, so soon as the plaintiff had accepted his proportion under the assignment; and that such acceptance would operate as a sufficient discharge of the defendant from the original demand ; but that an ex-ecutory promise to accept a part, and relinquish the residue, would not have the same effect. And why would it not be so ¶ The answer is at once suggested, and is well given in the case of Heathcoat vs. Crookshanks, 2 T. R. 24. That was an action of assumpsit for £18 14, and it was pleaded specially, that on a composition among the creditors of the defendant, the plaintiff, as one of them, undertook to accept £5 5, in lieu of the whole debt, which the defendant had afterwards tendered. On demurrer, the plea was held ill; that there was accord without satisfaction, and therefore, that such a promise is nudum pactum, and not binding, for want of consideration, unless executed. Nor do I think the case mainly relied on by defendant’s counsel, that of Butler vs. Rhodes, 2 Esp. R. 235, is irreconcileable with the law as thus ruled. This was a case in which the plaintiff endeavored to collect his whole demand, after he had acquiesced in a composition deed, and after the defendant had parted with all his effects to trustees, for the benefit of his creditors. It appeared that defendant had parted with his property mainly at the instance of plaintiff; in consequence of which, all the other creditors consented to come in and accept their proportions under the deed. The plaintiff, however, notwithstanding his assent, refused to sign the deed, and brought his action to recover the whole of his original demand. Lord Kenyon ruled that the action could not be maintained, on the principle that, in consequence of this act of plaintiff’s, the defendant had parted with all his property, and the other creditors had been induced to execute ,the deed; that this was putting the defendant in a very awkward situation, as, by assigning all his property, he was committing an act of bankruptcy; and that, therefore, the plaintiff would not be permitted to recede from a composition to which he had assented. He therefore directed the jury to find for the defendant; the result of which decision was- *377 not to deprive the plaintiff of every part of his demand, but to compel him to comply with the obligations of good faith, by taking his stipulated proportion under the deed. And this accords well with what Duller, J., says in the case of Heathcoat vs. Crookshanks: “ If the debtor had assigned over all his effects to a trustee, in order to make an equal distribution among all his creditors, that would have been a good consideration in law for the promise.” As no such thing appeared in that case, it cannot be distinguished from the one which we are now considering, in which there is not even an allegation that defendant lias parted with any of his property, or in any wise been placed in a different situation from what he was before tiie supposed- undertaking of plaintiff. The other creditors of the present defendant, Levy, did not come in under a composition deed, and take their proportion of specific funds set apart by him in the hands of a trustee; but they signed off' their whole demands against their original debtor, and took, in lieu thereof, his note, with.security, for two-thirds: in other words, in consideration of the defendant’s securing to them two-thirds of their debt, they released the residue. How does it appear then, that the present plaintiff has been benefitted, or that the defendant has suffered loss 1 one of which must have occurred, to be the foundation of a new consideration. There is no specific fund in the hands of a responsible third person, to which the plaintiff' can resort for the payment of any part of his debt. If trustees had been appointed under a deed of composition and assignment, and who had received funds from the defendant for his creditors, they would be bound to be answerable to those creditors who should come in: The deed and funds in their hands would create a legal obligation on their part, not to be evaded or frustrated at the option of any one. But suppose the plaintiff fails in this action, how is he to get redress'? It surely cannot be pretended that he has forfeited all right to recover from some one some portion of his debt; and if the original demand is discharged, there is an end of that. In that event, he must avail himself of the only other source of satisfaction which has been suggested, to wit: the executory promise of defendant and D. (J. Levy, that they would give their note for two-thirds of his debt; for which pro *378 mise D. C. Levy might well say there was no legal consideration on his part. So far as the court is informed, it was a gratuitous undertaking by him, to incur an obligation on his brother’s account. His promise, at most, was to pay the debt of another, was without consideration, and not in writing. Nor did it impose any obligation on plaintiff to accept it in satisfaction of his debt; no more so than it would have been to accept the promise of defendant himself, that he would pay a part in discharge of the whole. An agreement with a third party cannot be stronger than if it had been made with the defendant himself. All contracts, to be binding, should be mutually obligatory in their creation ; and as it seems to me that neither party was bound by the alleged agreement, they must stand on their rights under their original contract; unless, indeed, it should appear on a subsequent trial that plaintiff' has acquired an undue advantage by fraudulent management. As we do not feel ourselves at liberty to come to such a conclusion, we grant the motion for a new trial.
Richardson, O’Neale, Evans, and Warddaw, JJ., concurred.